(C. D. 1361)

STERLING DRUG, INC., SUCCESSOR TO DR. D. JAYNE & SON, INC.
*v.* UNITED STATES

United States Customs Court, First Division

(Decided August 21, 1951)

*Eugene A. Chase* for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Guy G. Ribaudo* and *Richard E. FitzGibbon,* special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The plaintiff in this case exported certain pharmaceutical preparations made in part from domestic alcohol on which an internal-revenue tax had been paid. The present protests are against the refusal of the collector of customs at the port of Philadelphia to allow a refund under the provisions of section 313 (d) of the Tariff Act of 1930 (19 U. S. C. § 1313 (d)) of the tax paid on the alcohol so used. The text of section 313 (d) reads as follows:

SEC. 313. DRAWBACK AND REFUNDS.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(d) FLAVORING EXTRACTS AND MEDICINAL OR TOILET PREPARATIONS.—Upon the exportation of flavoring extracts, medicinal or toilet preparations (including perfumery) manufactured or produced in the United States in part from domestic alcohol on which an internal-revenue tax has been paid, there shall be allowed a drawback equal in amount to the tax found to have been paid on the alcohol so used.

The collector's refusal to allow such drawback was predicated upon the failure of the plaintiff to comply with the provisions of section 22.16 of the Customs Regulations of 1943 in that the drawback claims here involved were not completed by filing the drawback entries within 2 years from the date of exportation.

So far as pertinent, the said section reads as follows:

22.16 **Completion of drawback claims.**—(a) A drawback entry and certificate of manufacture shall be filed in duplicate within 2 years after the date the articles are exported. * * *

It is conceded on the part of the plaintiff that the drawback entries involved were filed more than 2 years after the date of exportation, but it is contended that section 22.16, *supra*, has no mandatory application to drawback claims involving tax-paid domestic alcohol, and that, therefore, failure to comply with the said regulation is not a bar to obtaining drawback.

The facts of payment of the tax, manufacture of the pharmaceutical preparations, and exportation thereof are not in dispute, and on the part of the defendant it was conceded that all customs regulations, other than the requirement of section 22.16, quoted above, were complied with. The sole issue, therefore, is whether the said section of the customs regulations is valid and mandatory as applied to the drawback situations covered by section 313 (d) of the tariff act, *supra*.

The precise issue was previously passed upon by this court in the case of *Monarch Mfg. Co.* v. *United States,* 9 Cust. Ct. 201, C. D. 694. The customs regulation there involved was article 1038 of the Customs Regulations of 1931, which, while not couched in identical language, was in substance and effect the same as section 22.16 of the Customs Regulations of 1943.

In the opinion filed in the cited case, this court pointed out that in the case of *United States* v. *Champion Coated Paper Co.,* 22 C. C. P. A. 414, T. D. 47422, a similar regulation, article 976 of the Customs Regulations of 1923, prescribing a time limitation within which drawback claims were to be completed, was held to be—

* * * in effect a statute of limitations, unauthorized by law and * * * unreasonable and invalid.

It was also pointed out in the *Monarch* case that the provision in section 313 (i) of the Tariff Act of 1930 authorizing the Secretary of the Treasury to prescribe regulations governing—

* * * the time within which drawback entries on such articles shall be filed and completed, to entitle such articles to drawback * * *

was limited to cases wherein drawback was claimed under section 313 (a) of the Tariff Act of 1930 on the exportation of articles manu-

factured or produced in the United States with the use of imported duty-paid merchandise. We there said:

Of course, under the drawback provisions of the Tariff Act of 1922, in connection with which article 976, *supra*, was prescribed by the Secretary of the Treasury, there was no specific authority given in the act to the Secretary to prescribe regulations governing the time within which drawback entries should be filed and completed. In subsection (i) of section 313 of the Tariff Act of 1930 specific authority was given to the Secretary to prescribe such regulations, but careful examination of the provision reveals that such authority is limited to entries filed in connection with drawback claimed on articles made with the use of imported merchandise under the provisions of section 313 (a). The authority of the Secretary to prescribe regulations with reference to drawback of the internal revenue tax paid on domestic alcohol used in the manufacture of flavoring extracts seems to be confined to those regulations contained in the third subdivision of subsection (i), and does not include authority to fix a limit upon the time when drawback entries in connection with such alcohol so used may be filed.

Section 313 (i), so far as material, reads as follows:

(i) REGULATIONS.—The Secretary of the Treasury is authorized to prescribe regulations governing (1) the identification of imported merchandise used in the manufacture or production of articles entitled to drawback of customs duties, the ascertainment of the quantity of such merchandise used, of the time when such merchandise was received by the manufacturer or producer of the exported articles, and of the amount of duties paid thereon, the determination of the facts of the manufacture or production of such articles in the United States and their exportation therefrom, *the time within which drawback entries on such articles shall be filed and completed, to entitle such articles to drawback*, and the payment of drawback due thereon; * * * (3) the determination and payment of drawback of internal-revenue tax on domestic alcohol, including the requirement of such notices, bonds, bills of lading, and other evidence of payment of tax and exportation as the Secretary of the Treasury deems necessary * * *. [Italics added.]

It will be observed that subdivision (1), *supra*, relates only to drawback of the duties paid on imported merchandise used in the manufacture or production of articles exported from the United States. Under the circumstances, and following the *Champion Coated Paper Co.* case, *supra*, we must hold that article 1038 of the Customs Regulations of 1931 had no force or effect insofar as drawback entries in connection with domestic alcohol used in the manufacture or production of flavoring extracts were concerned * * *.

In the brief filed on behalf of the Government, it is argued that the foregoing interpretation of the law in effect grants a preference to exporters of goods made from domestic tax-paid alcohol over exporters of goods made from imported duty-paid material, and that it was the intent of Congress "to treat all merchandise exported with benefit of drawback alike."

We know of no reason why Congress should not treat different situations differently, and certainly the language and clause sequence of section 313 (i) create the inference that Congress deliberately intended to limit to drawback situations involving only section 313 (a) the authority of the Secretary of the Treasury to prescribe regulations

governing the time within which drawback entries shall be filed and completed, and did not intend to allow the Secretary to prescribe such regulations in the case of the other drawback situations covered by section 313. A mere reading of section 313 indicates that it was not the intention of Congress "to treat all merchandise exported with benefit of drawback alike," for in some cases substitution of domestic merchandise is allowed for imported duty-paid merchandise, and in some cases all of the duties or taxes are refundable while in other cases 1 per centum is deducted therefrom.

We are satisfied that the statutory language of section 313 (i) is clear and that its plain meaning is as found by this court in its decision in the *Monarch Mfg. Co.* case, *supra.* Following that authority, we hold that the provisions of section 22.16 (*a*) of the Customs Regulations of 1943 imposing a time limitation upon completion of drawback claims have no application to cases involving drawback claims under section 313 (d) of the tariff act, and that the failure of the plaintiff herein to complete the drawback claims by filing the drawback entries within the said time limitation was not a bar to obtaining drawback under the provisions of the said section 313 (d).

Judgment will therefore issue sustaining the claim in each of the protests and directing the collector of customs to reliquidate the drawback entries accordingly.